[Cite as *Wilhelm v. Dunford*, 2014-Ohio-484.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RANDALL S. WILHELM | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | |
| | Case No. 2013CA00088 |
| CHRISTOPHER DUNFORD, ET AL. | |
| Defendants-Appellants | O P I N I O N |
| | **NUNC PRO TUNC** |

CHARACTER OF PROCEEDING:     Appeal from the Canton Municipal Court,
Case No. 2013CVG1454

JUDGMENT:                                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:        February 10, 2014

APPEARANCES:

For Plaintiff-Appellee                       For Defendants-Appellants


CRAIG E. CHESSLER                      DOUGLAS C. BOND
803 Courtyard Centre                       Morello & Bond, Ltd.
116 Cleveland Avenue N.W.             700 Courtyard Centre
Canton, Ohio 44702                          116 Cleveland Avenue N.W.
                                                          Canton, Ohio 44702

*Hoffman, P.J.*

{¶1} Defendants-appellants Christopher Dunford and Kalli Young appeal the April 8, 2013 Judgment Entry entered by the Canton Municipal Court which granted default judgment against them in the amount of $10,370.10, and in favor of plaintiff-appellee Randall S. Wilhelm.[1]

### STATEMENT OF THE CASE[2]

{¶2} On March 8, 2013, Appellee filed a complaint against Appellants. The first cause of action was for forcible entry and detainer. A second cause of action was to recover money. The trial court scheduled a hearing on the complaint for March 18, 2013.

{¶3} On March 11, 2013, Appellants filed a document on a form apparently prepared by the court or clerk and checked the box indicating "OTHER", adding in handwriting in the space provided "Stop Eviction, and lawsuits". This was followed by a handwritten section further explaining their request to stop the evictions.

{¶4} On March 18, 2013, Appellant Young filed notice of an updated address for Appellants.

{¶5} On March 18, 2013, a Report of the Magistrate C.R.53 was filed which indicated both Appellants had appeared at the hearing. Appellee voluntarily dismissed his first cause of action and the second cause of action was continued.

{¶6} Appellee filed a Motion for Default Judgment on April 8, 2013. The proof of service indicated a copy was sent to the Defendant(s) on April 9, 2013. Via

---

[1] Appellee has not filed a brief in this appeal.
[2] A rendition of the facts is unnecessary for our resolution of this appeal.

Judgment Entry filed April 8, 2013, the trial court granted default judgment against Appellants in the amount of $10,370.10.  It is from that judgment Appellants prosecute this appeal, assigning as error:

{¶7}  "I. THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT IN FAVOR OF APPELLANT AFTER APPELLANTS HAD FILED A RESPONSIVE PLEADING AND APPEARED IN THE CASE."

{¶8}  Civ.R. 55(A) states:

If the party against whom judgment by default is sought has appeared in the action, he [or if appearing by representative, his representative] shall be served by written notice of the application for judgment at least seven (7) days prior to the hearing on such application.

{¶9}  We find the record clearly demonstrates Appellants had appeared in the action prior to Appellee's Motion for Default Judgment.  The trial court entered default judgment the same day Appellee's filed his motion, which is in violation of Civ.R. 55(A).

{¶10} Appellants' sole assignment of error is sustained.  The judgment of the trial court is reversed and the matter remanded to that court for further proceedings.

By: Hoffman, P.J.

Gwin, J.  and

Wise, J. concur